UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MARCUS THORPE,                                                  19-CV-5995(CM)

                              Plaintiff,

                   -against-                                    **SECOND
                                                               AMENDED
                                                               COMPLAINT**
                                                               **Plaintiff Demands A
                                                               Trial by Jury**

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITAL CORPORATION, NEW YORK CITY POLICE
DEPARTMENT, HARLEM HOSPITAL, NYCHHC POLICE
OFFICER FRANCIS SENAJOR, SHIELD #435, NYCHHC
POLICE OFFICER JONATHAN CARDONA, NYCHHC
LIEUTENANT THERESA BRITTO and NYCHHC
SERGEANT TYRONE JOSEPH,

                              Defendants.
-------------------------------------------------------------------------X

        Plaintiff, by DEVON M. RADLIN, his attorney, respectfully alleges as follows:

### *JURISDICTION*

1.      This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

        Amendments of the Constitution of the United States and the Civil Rights Law of the

        United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C.

        Sections 1981, 1983 and 1985.

2.      Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising

        under New York State Law.

### *VENUE*

3.      The course of conduct and other acts complained of herein arose and occurred in whole or

        in part within the County and State of New York in the Southern District of New York.

## *PARTIES*

4.  Plaintiff, *MARCUS THORPE (THORPE),* is and was at all times herein mentioned, a citizen and a resident of the County and State of New York.

5.  The defendant, **CITY OF NEW YORK (CITY)**, is a municipal corporation and political subdivision of the State of New York.

6.  Defendant **CITY** is authorized by law to maintain a public health care system and does so through defendant **NEW YORK CITY HEALTH AND HOSPITAL CORPORATION (NYCHHC).**

7.  Defendant **CITY** supervises, maintains, controls and operates defendant **NYCHHC.**

8.  The defendant, **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, is a municipal agency under the supervision and control of the defendant **CITY.**

9.  Defendant **NYCHHC** is a public benefit corporation created by legislation to operate and administer defendant **CITY's** hospitals and health care facilities, including defendant **HARLEM HOSPITAL (HH)** in the County and State of New York.

10. That the defendant **HH** is a member hospital of defendant **NYCHHC** located at 506 Lenox Avenue, New York, New York 10035.

11. Defendant **HH** is controlled and supervised by defendant **NYCHHC.**

12. That the defendant **NYCHHC POLICE OFFICER FRANCIS SENAJOR, SHIELD #435 (P.O. SENAJORA)** is an officer employed by the defendants **CITY, NYPD, NYCHHC,** and **HH,** jointly and severally.

13. That the defendant **NYCHHC POLICE OFFICER JONATHAN CARDONA (P.O. CARDONA)** is an officer employed by the defendants **CITY, NYPD, NYCHHC,** and **HH,** jointly and severally.

14.     That the defendant **NYCHHC LIEUTENANT THERESA BRITTO (*LT. BRITTO),*** is a lieutenant employed by the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

15.     That the defendant **NYCHHC SERGEANT TYRONE JOSEPH (*SGT. JOSEPH),*** is a sergeant employed by the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

16.     That all times herein mentioned, defendants, **P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH** and **LT. BRITTO** were employed by the defendants **CITY, NYPD, NYCHHC, and HH,** jointly and severally, in the capacity of security officers, and were acting in such capacity as the agents, servants and employees of the defendants, **CITY, NYPD, NYCHHC,** and **HH,** jointly and severally, and each is sued individually and in their official capacity.

17.     That all times herein mentioned, defendant **P.O. SENAJOR** was acting under color of state law and under his authority as a security officer for the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

18.     That all times herein mentioned, defendant **P.O. CARDONA** was acting under color of state law and under his authority as a security officer for the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

19.     That all times herein mentioned, defendant **LT. BRITTO** was acting under color of state law and under her authority as a lieutenant security officer for the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

20.     That all times herein mentioned, defendant **SGT. JOSEPH** was acting under color of state law and under his authority as a sergeant security officer for the defendants **CITY, NYPD, NYCHHC** and **HH,** jointly and severally.

21.     Upon information and belief, defendants, **CITY, NYCHHC, NYPD** and **HH,** jointly and severally, were responsible for the training and supervision of defendants, **P.O. SENAJOR, P.O. CARDONA, LT. BRITTO** and **SGT. JOSEPH.**

### *CONDITION PRECEDENT*

22.     That prior to the commencement of this action, the plaintiff complied with all the conditions precedent to the institution of this action, and in particular, duly presented the claim hereinafter mentioned, to the defendants **CITY, NYCHHC, NYPD** and **HH,** for adjustment, and more than thirty (30) days have elapsed since such presentation, and that said claim remains unadjusted or paid thereof; that the plaintiff, prior to the commencement of this action and demands hereinafter set forth, and that this action was commenced within fifteen (15) months from the time said cause of action arose.

23.     On December 20, 2018, Plaintiff appeared for his 50h hearing pursuant to General Municipal Law §50(h).

### *FACTS*

24.     On April 12, 2018, during the evening hours, plaintiff **THORPE** was lawfully visiting a patient inside Room 11-121 located on the eleventh (11th) floor of defendant **HH** located at 506 Lenox Avenue, New York, New York 10035.

25.     On April 12, 2018 at or about 12:00 A.M., Plaintiff was approached by defendants **P.O. SENAJOR** and **SGT. JOSEPH.**

4

26.   Defendants **P.O. SENAJOR** and **SGT. JOSEPH**, jointly and severally, informed Plaintiff that he had to leave defendant **HH** because visiting hours were over.

27.   On April 12, 2018, at or about 12:00 A.M., Plaintiff complied with defendants **P.O. SENAJOR** and **SGT. JOSEPH** order, collected his belongings and walked toward the exit of Room 11-121.

28.   As Plaintiff was walking in the hallway toward the elevators to exit defendant **HH**, Defendants **P.O. SENAJOR** and **SGT. JOSEPH** walked on either side of Plaintiff.

29.   While Plaintiff was walking in the hallway toward the elevators, defendant **P.O. SENAJOR** pushed and shoved plaintiff from behind.

30.   Due to defendant **P.O. SENAJOR's** shove, Plaintiff stumbled forward.

31.   Plaintiff turned and looked over his right shoulder at defendant **P.O. SENAJOR** and stated, "What are you doing? I am leaving."

32.   Plaintiff continued toward the elevators.

33.   Defendant **P.O. SENAJOR** shoved plaintiff from behind again.

34.   Plaintiff stopped walking and turned to both defendants **P.O. SENAJOR** and **SGT. JOSEPH** and said, in sum and substance, "You can't touch me. I am complying."

35.   Plaintiff then turned to defendant **SGT. JOSEPH** and stated, in sum and substance, "Tell your officer [**defendant P.O. SENAJOR**] to stop touching me. He's not supposed to be pushing people. That's not right."

36.   Defendants **P.O. SENAJOR** and **SGT. JOSEPH**, jointly and severally, ignored Plaintiff.

37.   Plaintiff then continued to the elevator bank while being followed by defendants **P.O. SENAJOR** and **SGT. JOSEPH.**

38.   As Plaintiff entered the elevator, defendant **SENAJOR** shoved plaintiff with one (1) hand.

39.  After Plaintiff entered the elevator, defendants **P.O. SENAJOR** and **SGT. JOSEPH** entered the elevator and stood on either side of Plaintiff.

40.  While the elevator was descending to the ground floor, Plaintiff turned to defendant **P.O. SENAJOR** and stated, in sum and substance, "You're crazy. You're not supposed to be touching people."

41.  Defendant **P.O. SENAJOR** ignored Plaintiff.

42.  Plaintiff turned to defendant **SGT. JOSEPH** and said, in sum and substance, "Why are you letting your officer touch me like this? He's not supposed to touch people. I am complying and leaving. Just as you asked. I haven't done anything wrong."

43.  While Plaintiff was speaking to defendant **SGT. JOSEPH**, defendant **P.O. SENAJOR** raised his baton in one (1) of his hands above and near Plaintiff's head and went to strike plaintiff.

44.  Plaintiff turned to defendant **P.O. SENAJOR,** who then dropped his raised hand with the baton.

45.  Defendant **SGT. JOSEPH** then raised both of his hands toward defendant **P.O. SENAJOR** and moved his hands to indicate, "Calm down."

46.  Once the elevator reached the ground floor, Plaintiff exited said elevator and into the Lobby Area of defendant **HH.**

47.  On April 12, 2018, Defendant **P.O. CARDONA** was assigned to the Lobby Area of defendant **HH.**

48.  While Plaintiff was walking toward the exit of the Lobby Area of defendant **HH,** defendants **P.O. SENAJOR, SGT. JOSEPH** and **P.O. CARDONA,** followed Plaintiff.

49.  Plaintiff turned around to speak to defendants **P.O. SENAJOR** and **SGT. JOSEPH.**

50.     On April 12, 2018, at or about 12:00 A.M., inside the Lobby Area of defendant **HH,** before
        Plaintiff could speak, defendant **P.O. SENAJOR** struck and assaulted plaintiff in the face
        with his baton, specifically striking plaintiffs' left eye causing plaintiff to suffer serious
        physical and psychological injuries.

51.     Due to defendants **P.O. SENAJOR's** assault, Plaintiff loss consciousness and fell to the
        ground.

52.     Plaintiff was placed into a wheelchair and escorted to the Emergency Department of
        defendant **HH.**

53.     When Plaintiff regained consciousness, he found himself in a wheelchair inside of an
        elevator.

54.     Plaintiff became hysterical due to the amount of blood on his clothing and the fear that he
        lost his left eye.

55.     Plaintiff was escorted into a treating room of the Emergency Department in defendant **HH.**

56.     Defendant **LT. BRITTO** entered Plaintiff's room.

57.     Defendant **LT. BRITTO** handcuffed Plaintiff to the hospital bed.

58.     Plaintiff asked defendant **LT. BRITTO,** "Why am I handcuffed? What happened? Why
        did he do that to me?"

59.     Defendant **LT. BRITTO** said to Plaintiff, in sum and substance, "You're being arrested
        for assaulting an officer."

60.     Plaintiff said, in sum and substance, "I didn't touch him! Look at the surveillance."

61.     Due to the above circumstances, coupled with the unknown about his left eye, plaintiff was
        hysterical and crying.

62.   Plaintiff said to defendant **LT. BRITTO,** "You can't take me to jail. I didn't do anything. I am on parole."

63.   Defendant **LT. BRITTO** responded to Plaintiff, "I am sending your black ass back to prison."

64.   Plaintiff remained handcuffed to a hospital bed at defendant **HH** for two (2) days.

65.   Soon after Plaintiff's arrest, defendants **P.O. SENAJOR, SGT. JOSEPH, P.O. CARDONA** and **BRITTO,** jointly and severally, falsely swore to a criminal complaint against Plaintiff.

66.   Plaintiff was arraigned in the New York County Criminal Court and charged with Assault in the Second Degree.

67.   Due to Plaintiff's parole, he was remanded without bail.

68.   Plaintiff had a Parole Hearing at which defendant **P.O. SENAJOR** testified and provided false testimony as to the events on April 12, 2018.

69.   On or about October 12, 2018, Plaintiff's criminal case was dismissed by motion of the New York County District Attorney.

70.   On or about November 10, 2018, Plaintiff was released from incarceration.

71.   Plaintiff was incarcerated for six (6) months due to the actions of defendants, jointly and severally.

72.   The defendants, ***CITY, NYCHHC, NYPD, HH, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH*** and ***LT. BRITTO,*** jointly and severally, committed the following acts:

a)   Refused to aid and safeguard plaintiff from assault.

b)   Created and maintained an unsafe and dangerous environment for the plaintiff by permitting violent assaults.

c)      Covered-up the actions of each other.

d)      Defendants' were aware and had actual notice of the dangerous propensities of defendant *P.O. SENAJOR* prior to the assault against Plaintiff.

e)      Knowingly, intentionally and maliciously harassed, taunted, intimidated and caused the plaintiff to be assaulted.

f)      Falsely sworn to the truth of a criminal complaint against plaintiff when they knew plaintiff had committed no illegal act(s).

g)      Falsely testified before a parole hearing to ensure and further cover-up their actions against plaintiff, specifically the assault and false arrest.

h)      Defendants had reasonable opportunity to prevent and/or stop this assault against plaintiff.

i)      Defendants failed to intervene to prevent and/or stop this assault against plaintiff.

j)      Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

k)      The actions of each defendant were malicious and sadistic.

l)      Actions of defendants were of a hate crime.

73.     Defendant *SGT. JOSEPH* had a reasonable opportunity to intervene and either prevent or cease the assault against plaintiff.

74.     Defendant *P.O. CARDONA* had a reasonable opportunity to intervene and either prevent or cease the assault against plaintiff.

75.     Defendants, *SGT. JOSEPH, P.O. CARDONA* and *LT. BRITTO,* jointly and severally, were aware that plaintiff's civil rights were being violated and failed to prevent same.

76.     The action(s) of the defendants, jointly and severally, specifically allowing the assault on the plaintiff, was of the nature of a hate crime against the plaintiff.

77.     Defendants, jointly and severally, failed to supervise their employees, specifically, *P.O. SENAJOR, SGT. JOSEPH, P.O. CARDONA* and *LT. BRITTO.*

78.     The foregoing occurrence and resulting injuries were not due to any fault or want of care or negligence on the part of the plaintiff, but was due wholly and solely to the carelessness, recklessness and negligence of the defendants, *CITY, NYCHHC, NYPD, HH, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, their police officers, security officers, agents, servants, officers and employees, specifically, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly: in that defendants' police and correction officers knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York; in that defendants' police and security officers' actions and failures to act were an abuse of their authority; in that their actions and failures to act were to harass, humiliate and intimidate plaintiff without legal or just cause; in that defendants had actual and constructive knowledge of the lack of training in the supervision and monitoring of their police and security officers; in failing to train their police and security officers in proper and adequate security, supervision and monitoring policies and procedures; in failing to train their police and security officers in proper and adequate policies and procedures; in having actual and constructive knowledge of the lack of adequate training in their policies and procedures to protect society, specifically plaintiff; in failing to train their police and security officers in proper and adequate supervision policies and procedures with civilians, specifically plaintiff; in having actual notice that defendant *P.O. SENAJOR* was unfit to

hold his position as a police and/or security officer; in having actual notice that defendant *P.O. SENAJOR* had dangerous propensities to commit assaults against civilians, specifically plaintiff; in failing to provide the plaintiff with a safe environment; in failing to prevent the assault; in failing to stop or intervene in the assault on plaintiff; in failing to follow security policies and procedures with civilians; in failing to abide by security policies and procedures with civilians; in failing to monitor and supervise civilians, specifically plaintiff; in failing to foresee and guard against the happening of the occurrence; and in that the defendants were otherwise careless and negligent in the premises.

79.   That solely by reason of the negligence and carelessness of the defendants, *CITY, NYCHHC, NYPD, HH, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, their police officers, security officers, agents, servants, officers and employees, specifically, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO* plaintiff sustained serious injuries at or about his body, head, nerves and nervous system, specifically, permanent damage to left eye; laceration to left eye lid; sutures to left eye lid and face; permanent nerve damage in left side of face; blurred vision in left eye; depression; fear; anxiety; extreme emotional distress; six (6) months of incarceration; humiliation; stress; inability to sleep; that some of his injuries may be permanent; that he required medicines and medical attention; and will be required to seek further medical attention in the future; and was prevented from attending to his daily activities.

### FIRST CAUSE OF ACTION
### STATE - (NEGLIGENCE)

80. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "79" herein, as if the same were set forth more fully and at length.

81. That the defendants *CITY, NYCHHC, HH* and *NYPD*, jointly and severally, acting in active concert, their police officers, security officers, agents, servants, officers and employees, specifically, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly, failed to supervise civilians, specifically plaintiff, inside of defendant *HH,* causing plaintiff to be assaulted and to suffer serious and permanent injuries.

82. That the defendants, *CITY, NYCHHC, HH* and *NYPD*, jointly and severally, are liable for the actions of their employees, defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO.*

83. That by reason of the foregoing, the plaintiff has suffered substantial damages.

84. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### SECOND CAUSE OF ACTION
### STATE - (NEGLIGENCE - FAILURE TO TRAIN AND SUPERVISE)

85. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "79", "81" and "84" herein, as if the same were set forth herein more fully and at length.

86. That defendants, *CITY, NYCHHC, HH* and *NYPD*, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, in their failure to promulgate and put into effect appropriate rules and

regulations applicable to the duties, conduct, activities and behavior of their police officers, security officers, agents, servants and employees, directly caused the injuries suffered by plaintiff.

87.   That defendants, *CITY, NYCHHC, HH* and *NYPD,* jointly and severally, are responsible for the actions of defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, due to *respondeat superior.*

88.   That by reason of the foregoing, the plaintiff has suffered substantial damages.

89.   That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
### FEDERAL - (FAILURE TO TRAIN AND SUPERVISE)

90.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "79" herein, as if the same were set forth herein more fully and at length.

91.   The defendants, **CITY, NYPD, NYCHHC** and **HH**, jointly and severally, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise their security officers, specifically, defendants *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their officers, agents, servants, and employees, directly caused the harm suffered by plaintiff.

92.   That the acts of the defendants **CITY, NYPD, NYCHHC, HH,** *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* their officers, agents, servants, and employees, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Six, Eighth, and Fourteenth

Amendments to the United States Constitution, the New York State constitution, federal law and state law.

### FOURTH CAUSE OF ACTION
### STATE - NEGLIGENT HIRING

93.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through "1" through "79", "81" through "84" and "86" through "89" of this complaint, with the same force and effect as if set forth herein at length.

94.    That the defendants *CITY, NYCHHC, HH* and *NYPD*, jointly and severally, their police officers, security officers, agents, servants, officers and employees were negligent in their hiring and supervising of defendants *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO*.

95.    That the defendants *CITY, NYCHHC, HH* and *NYPD*, jointly and severally, their security officers, specifically defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO*, were unfit for their positions.

96.    Defendants **CITY, NYPD, NYCHHC** and **HH**, jointly and severally, knew or should have known through the exercise of reasonable diligence that the defendants *P.O. SENAJOR, P.O. CARDONA* and *LT. BRITTO*, were potentially dangerous.

97.    Defendants **CITY, NYPD, NYCHHC,** and **HH,** jointly and severally, negligence in screening, hiring, training, disciplining, and retaining the defendants *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO*, proximately caused plaintiff's injuries.

98.    As a direct and proximate result of this unlawful conduct, plaintiff suffered extreme physical and psychological trauma.

99.    That the damages herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

100.   That by reason of the foregoing, the plaintiff has suffered substantial damages.

### FIFTH CAUSE OF ACTION
### EXCESSIVE FORCE - § 1983

101.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through
"79".

102.   Defendants, *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT.
JOSEPH* and *LT. BRITTO,* jointly and severally, gratuitously inflicted pain in a manner
that is not reasonable under the circumstances.

103.   Plaintiff was not an immediate threat to anyone, including defendants, specifically
defendants *P.O. SENAJOR, SGT. JOSEPH* and *P.O. CARDONA,* jointly and severally.

104.   Defendant *P.O. SENAJOR* acted plainly incompetent and/or knowingly violated the law
by inflicting said assault against plaintiff.

105.   Defendants *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT.
JOSEPH* and *LT. BRITTO,* jointly and severally, violated Plaintiff's civil rights protected
under 42 U.S.C. § 1983 by committing, allowing and failing to prevent and/or intervene
by the above actions.

106.   The above actions committed by defendants, jointly and severally, were a violation of
plaintiff's civil right to be free from excessive force.

### SIXTH CAUSE OF ACTION
### FAILURE TO INTERVERE – §1983

107.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through
"79" and "102" through "106".

108.   Defendants, *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT.
JOSEPH* and *LT. BRITTO,* jointly and severally, observed and/or had reason to know that

15

plaintiff's constitutional rights protected by and under 42 U.S.C. § 1983 were being violated.

109.   Defendants, *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, had a realistic opportunity to intervene to prevent harm from occurring, specifically the assault against plaintiff.

110.   Defendants, *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, violated their duty to intervene and to protect the constitutional rights of citizens, specifically plaintiff, from infringement by other law enforcement officers in their presence.

111.   The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil rights.

### SEVENTH CAUSE OF ACTION
### STATE – ASSAULT AND BATTERY

112.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "79" inclusive, as if the same were set forth herein more fully and at length.

113.   Defendants, *CITY, NYCHHC, HH, NYPD, P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, assaulted and battered the plaintiff without just cause.

114.   Plaintiff was not an immediate threat to anyone.

115.   That defendants, *CITY, NYCHHC, HH* and *NYPD,* jointly and severally, are responsible for the actions of defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, due to *respondeat superior.*

116.   That the damages herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

117. That by reason of the foregoing, the plaintiff has suffered substantial damages.

### EIGHTH CAUSE OF ACTION
### STATE – MALICIOUS PROSECUTION

118. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "79" inclusive, as if the same were set forth herein more fully and at length.

119. The defendants, **CITY, NYCHHC, HH** and **NYPD**, their agents, servants, officers, employees, and police officers, specifically defendants **P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH** and **LT. BRITTO** commenced and continued a criminal proceeding against plaintiff.

120. On October 12, 2018, the criminal matter against plaintiff was dismissed on motion of the New York County District Attorney.

121. There was no probable cause for the initiation of the criminal proceeding against plaintiff.

122. Defendants **CITY, NYCHHC, HH** and **NYPD**, their agents, servants, officers, employees, and police officers, specifically defendants **P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH** and **LT. BRITTO**, had actual malice against plaintiff demonstrated by the false arrest and assault on plaintiff.

123. That as a result of the foregoing, the plaintiff has suffered substantial damages.

124. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### NINTH CAUSE OF ACTION
### CONSPIRACY– §1985(3)

125. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "79" as if the same were set forth herein more fully and at length.

126.   The defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO*, jointly and severally, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

a.   Permitted the plaintiff to be assaulted.

b.   Refused to protect, aid and safeguard plaintiff from assault.

c.   Covered-up the actions of each other.

d.   Knowingly, intentionally and maliciously harassed, taunted and assaulted and intimidated the plaintiff.

e.   Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

f.   The actions of the defendants constituted violation of the plaintiff's Fourth (4th) and Fourteenth (14th) Amendment Rights to be free from unlawful seizure and due process when the sole purpose of each defendant's actions were to ensure plaintiff was falsely arrested, imprisoned and maliciously prosecuted when defendants' were aware that plaintiff had committed no illegal acts.

g.   The actions of the defendants were malicious and sadistic

127.   That by engaging in the foregoing acts, all committed under color of state law and under their authority as security officers for the defendants, **CITY, NYPD, NYCHHC** and **HH**, jointly and severally, while acting in the scope of their employment and pursuant to

authority vested in them by the defendants, **CITY, NYPD, NYCHHC, HH,** jointly and severally, the defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO*, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Six, and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

128.   The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil rights.

### *TENTH CAUSE OF ACTION*
### *FEDERAL-FALSE ARREST AND IMPRISONMENT*

129.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "75" inclusive, as if the same were set forth herein more fully and at length.

130.   Defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* jointly and severally, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiff Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they did commit the following acts:

a.   Refused to safeguard plaintiff from an unlawful arrest.

b.   Created and maintained a false premise for the arrest and detention of the plaintiff.

c.   Covered-up the actions of each other.

d.   Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his arrest and maintaining his innocence.

e.   Assisted each other in the stop, arrest and search of plaintiff for violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

f.   Falsely arrested and imprisoned plaintiff at a New York City Police Department Precinct and the New York County Criminal Courts Building knowing that they did not have probable cause to do so.

g.   Failed and refused to timely advise plaintiff of the reasons for his arrest.

h.   Falsely swore to a Criminal Court Complaints charging plaintiff with Assault and other related charges when the defendants knew that plaintiff had not committed such crimes.

i.   Falsely provided testimony at plaintiff's Parole Preliminary Hearing when defendants' knew that plaintiff had not committed such crimes.

j.   Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

131.   That by engaging in the foregoing acts, the defendants, *P.O. SENAJOR, P.O. CARDONA, SGT. JOSEPH* and *LT. BRITTO,* all committed under color of state law and under their authority as security and police officers of the defendants, **CITY, NYPD, NYCHHC** and **HH,** jointly and severally, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY, NYPD, NYCHHC** and **HH,** jointly and severally, the defendants entered into and carried out a plan and scheme designed and

20

intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

**WHEREFORE,** plaintiff, **MARCUS THORPE,** demands judgement as follows:

A. As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

B. As to the second cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

C. As to the third cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

D. As to the fourth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

E. As to the Fifth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

F. As to the Sixth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

G. As to the Seventh cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

H. As to the Eighth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

I. As to the Ninth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages against the defendants in the sum of One Million ($1,000,000.00) Dollars.

J. As to the Tenth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of One Million ($1,000,000.00)

Dollars, and punitive damages against the defendants in the sum of One Million

($1,000,000.00) Dollars.

K.  Attorneys fees and expenses pursuant to 42 U.S.C. §1988.

L.  And for such other and further relief as just and proper.


Dated: New York, New York
        January 8, 2020

DEVON M. RADLIN
Attorney for Plaintiff
**MARCUS THORPE**
160 Broadway, Fourth Floor
New York, New York 10038

Index No.:              Year              RJI No.:                     Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS THORPE

                              Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITAL CORPORATION, NEW YORK CITY POLICE
DEPARTMENT, HARLEM HOSPITAL, NYCHHC POLICE
OFFICER FRANCIS SENAJORA, SHIELD #435, NYCHHC
POLICE OFFICER JONATHAN CARDONA, NYCHHC
LIEUTENANT THERESA BRITTO and NYCHHC
SERGEANT TYRONE JOSEPH,
                              Defendants.

---

SECOND AMENDED COMPLAINT

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**160 Broadway – 4th Floor**
**NEW YORK, N.Y. 10038**
**(212) 406-9200**

---

To:                                           Signature (Rule 130-1.1-a)


Print name beneath                            Attorney(s) for


Service of a copy of the within               is hereby admitted.
Dated,


                                              Attorney(s) for

Please take notice
ˡ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ˡ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                              on
                                              Yours, etc.

To:                                           DEVON M. RADLIN
                                              Attorney for Plaintiff
Attorney(s) for:                              **160 Broadway-4th Floor**
                                              **NEW YORK, NY 10038**