*Law Offices*
**DEVON M. RADLIN**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2020
```

*112 West 34th Street, 18th Floor*
*New York, New York 10120*

OFFICE: (212) 406-9200
FAX: (212) 937-2345
DEVON@LAWDMR.COM

August 6, 2020

**By ECF**
Magistrate Robert W. Lehrburger
United States District Magistrate
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Marcus Thorpe v. City of New York, et al.*
                 19-CV-5995(CM)

Dear Magistrate Lehrburger:

    I represent the plaintiff Marcus Thorpe in the above.

    This letter is in response to your Order dated July 15, 2020 (Dkt #69) and to seek additional discovery due to the declaration of Lieutenant Jose Nunez ("Lt. Nunez") which was provided by Defendants as to the cameras and video surveillance related to this incident.

    Plaintiff believes additional discovery is warranted due to the following:

1. In ¶7 and ¶10 of the declaration, Lt. Nunez fails to identify <u>when</u> and <u>who</u> from the Crime Prevention Unit at Harlem Hospital performed the initial retrieval, review and download of the video surveillance of this incident. This information should be provided to plaintiff in order to learn whether or not this individual viewed surveillance from <u>all</u> the cameras in the lobby area to determine which camera surveillance was downloaded on the hard drive and maintained by the CPU at Harlem Hospital.

2. In ¶8 of the declaration, Lt. Nunez identifies five (5) cameras in the lobby of Harlem Hospital; (1) Lobby Entrance; (2) Officers Post near elevator bank; (3) Visitor sign-in; (4) At an ATM in the Lobby; and <u>(5) Unknown - Lt. Nunez merely states that a 5th camera was not operational and does not provide the location of this camera and whether it was operational on April 12, 2018.</u>

3. In ¶12 of the declaration, Lt. Nunez addresses the pictures of cameras in the Lobby of Harlem Hospital which were provided by plaintiff. Lt. Nunez identifies one (1) of the

cameras as being located at the café doors in the lobby of Harlem Hospital. <u>This camera was not discussed in ¶8 of the declaration when he described the five (5) cameras in the lobby area of Harlem Hospital.</u>

-Attached is a Copy of Lt. Nunez's Declaration.

Defendant Lt. Nunez's Declaration §9 states, "upon information and belief," before stating that only (1) of the five (5) cameras in the lobby would have depicted this incident. However, that statement cannot be substantiated because he is not the individual who: (1) did the initial search and review of the cameras for the initial download of the surveillance of this incident. Lt. Nunez's statement is mere speculation.

On July 29, 2020, Plaintiff contacted Defense counsel as to these deficiencies.

Due to the above, this letter is to request the following further discovery:
(1) Declaration or deposition of the individual who conducted the initial search of the video surveillance of this incident to determine if she/he reviewed all the video surveillance before determining which surveillance to maintain as to this incident and why they did not retain all the surveillance of this incident.
(2) Further declaration as to the 5th camera described as "not operational" in ¶8 of the declaration, specifically its location and whether it was operational on April 12, 2018.
(3) Further declaration as to the cameras located at or near the café which were provided by plaintiff, specifically if, or why not, the identify of same was not provided in ¶8 of the declaration and whether it was operational on April 12, 2018.

Very Truly Yours,

DEVON M. RADLIN

CC:   Laura Iheanachor Hutty, ACC

Plaintiff's request for further discovery is DENIED. The Court has reviewed the Affidavit of Lt. Nunez and finds it fully and sufficiently addresses the camera footage issue. Discovery on discovery is not warranted.

SO ORDERED:
8/10/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARCUS THORPE,

                                       Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                     Defendants.

19 Civ. 5995 (CM)(RWL)

**DECLARATION OF LIEUTENANT JOSE NUNEZ**

------------------------------------------------------------------------x

STATE OF NEW YORK    )
                                : ss.:
COUNTY OF NEW YORK  )

JOSE NUNEZ, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746:

      1.     I make this declaration at the request of the Office of Corporation Counsel. The foregoing is based on my personal knowledge, as well as a review of documents.

      2.     I am employed by New York City Health and Hospitals Corporation ("NYC HHC") as the Crime Prevention Unit Supervisor at Harlem Hospital, located at 506 Lenox Avenue, New York, NY 10037. I have been employed by NYC HHC since September 28, 2002.

      3.     As the Crime Prevention Unit Supervisor, my duties include the oversight of all Harlem Hospital police investigations, management of the hospital's CCTV cameras, including both searching for and preserving relevant video surveillance footage, and managing access control to and from Harlem Hospital.

      4.     Prior to my promotion to Crime Prevention Unit Supervisor, I held the position of detective within the Harlem Hospital Police Department. As a detective, my duties included conducting access control to and from Harlem Hospital and managing the hospital's CCTV cameras, including their operation and preserving relevant video surveillance footage.

5. As the Crime Prevention Unit Supervisor, I am familiar with Harlem Hospital's practices for preserving video surveillance footage, the retention time concerning surveillance footage, and the locations of video surveillance cameras within Harlem Hospital and the documentation pertaining thereto.

6. During the early morning hours of April 12, 2018, an incident occurred involving Sergeant Tyrone Joseph, P.O. Francis Senajor, and a hospital visitor, Marcus Thorpe.

7. Following the incident, on or about April 12, 2018, the Crime Prevention Unit was advised of the incident and, as such, took steps to locate and save the relevant video footage of the incident. When the Crime Prevention Unit pulls video footage, it is saved on a hard drive that is maintained by the Harlem Hospital Police Department. Video footage that is not saved is automatically overwritten after thirty days.

8. Based on my personal knowledge and a review of the relevant records, on the date of incident, April 12, 2018, there were five (5) cameras installed in the lobby of Harlem Hospital. Of those cameras, one was located near the lobby entrance and only captured visitors entering the hospital, one was located by the officer's post near the elevator bank, one was located near the visitor sign-in counter, one was located near an ATM machine, and one of the cameras was not operational.

9. Of the five cameras mentioned above, upon information and belief, only one of the cameras would have captured the portion of the lobby where the incident occurred – that is the video surveillance camera stationed by the officer's post near the elevator bank.

10. At the request of Corporation Counsel, sometime during this litigation, I conducted a search of Harlem Hospital's hard drive for video surveillance footage depicting the April 12, 2018 incident involving Sergeant Joseph, Officer Senajor, and Marcus Thorpe. I

located video surveillance footage from April 12, 2018, depicting the plaintiff, Sergeant Joseph, and PO Senajor in Harlem Hospital's 11th floor elevator bank, on an elevator, in the elevator bank of the ground floor, walking towards the exit of the hospital, and in the lobby. This footage is the entirety of surveillance footage of the incident on Harlem Hospital's hard drive. The video was provided to the Office of Corporation Counsel. Additionally, upon information and belief, the footage was previously provided to the New York County District Attorney's Office.

11. More recently, on July 21, 2020, again at the request of Corporation Counsel, I conducted a second search of Harlem Hospital's hard drive for surveillance footage depicting the April 12, 2018 incident to confirm that all video footage of the incident in the possession of Harlem Hospital had been located and produced. This second search resulted in my location of the same video footage mentioned above.

12. On July 21, 2020, I was provided with photographs of cameras in Harlem Hospital's lobby taken by plaintiff and asked to explain why there is no footage of the incident from those cameras. The photographs show three cameras. One of the cameras is above the counter in the visitor sign-in area. The camera only captures the visitor sign-in counter. The other two cameras are outside of the hospital's café. Those two cameras only capture people entering and exiting the café and in the immediate vicinity of the café doors. None of those cameras are positioned to capture the lobby area where the April 12, 2018 incident occurred.

13. In addition to my personal knowledge, on July 21, 2020**,** I also reviewed the Harlem Hospital CCTV servers reflecting the placement of cameras in the lobby of Harlem Hospital to confirm that the cameras in photos provided by plaintiff would not have captured the incident involving Sergeant Joseph, Officer Senajor, and Marcus Thorpe that occurred on April 12, 2018.

Dated: New York, New York
July 28, 2020

_____
Lieutenant Jose Nunez

- 4 -