UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

MARCUS THORPE,

        Plaintiff,

 -against-                                        19 Civ. 5995 (CM)

CITY OF NEW YORK, ET AL.,

        Defendants.

_____x

## RULINGS ON MOTIONS *IN LIMINE*

McMahon, J.:

    The Court, for its rulings *in limine*:

**Plaintiff's Motions *In Limine***

    1.    Plaintiff moves for an order precluding non-party witnesses Carole Dominque and Rosaline Fonkem from testifying, on the ground that the City failed to disclose their identities or contact information. (Docket #127). The motion is denied. Ms. Dominque's name was included in Plaintiff's initial disclosures, filed on October 24, 2019. Moreover, Plaintiff himself identified Ms. Dominique as a witness to certain of the events in suit in his response to Defendants' interrogatories, so her identity was hardly a secret. Ms. Fonkem was identified by name in Defendants' supplemental disclosures on February 6, 2020. Plaintiff's counsel's failure to notice the depositions of these two disclosed percipient witnesses, whose testimony will be most helpful to the jury, must be assumed to be a deliberate choice on his part. If it was a mistake, it will not be rectified now; the Court refuses to reopen discovery.

    2.    Plaintiff moves for an adverse inference charge against Sgt. Tyrone Joseph. (Docket #127). The motion is denied. By decision that is also being released today, Sgt. Joseph's ostensible default (which was entered in error, because he was not technically in default) has been vacated, and he will be going to trial as a defendant with everyone else on September 12. He will be allowed to testify, and both sides' witness lists have already been deemed amended to include him as a potential witness. So this motion – which is predicated on a default that is no longer of record – must be and is denied.

**Defendants' Motions *in Limine*__

Before announcing my rulings, a word about these motions.

The Law Offices of Devon Radlin, which has long represented Plaintiff, filed oppositions to two of the Defendants' motions (the First and Fourth) on or about May 11, 2022, which is when they were due (Docket #165, 166). In a letter of even date (Docket #167), Mr. Radlin represented to the Court that his office intended to file oppositions to the rest of the *in limine* motions, but had not done so in a timely manner due to a family emergency for Mr. Radlin and a medical issue for his co-counsel (I assume Mr. Pawar). The letter says, "We apologize for the delay and hope to have our remaining oppositions filed by next week." (*Id.*). It is now July 28 – two and one-half months after the papers were due – and nothing has been filed in opposition to the remaining *in limine* motions. Nor has the Court been asked for a further extension beyond the promised "next week" (*i.e.*, the week that ended on Friday, May 20).

Well, time's up. In fact, the time for Plaintiff to oppose these motions expired two months ago. The Court has reached these motions in its queue and is going to decide them now. No response having been filed, they will be treated as unopposed.

1. The first motion *in limine* to have the Court decline to charge the jury on assault and battery (an opposed motion) is denied. (Docket # 132).

2. The second motion *in limine* to have the caption reflect only the remaining parties is granted to the extent that the verdict forms will contain only the names of the remaining defendants: Senajor, Cardona and Joseph. (Docket #134). I am not, however, changing the caption on ECF.

3. The third motion *in limine* to preclude Plaintiff from seeking damages for alleged permanent ophthalmological or nerve injuries, on the ground that no expert testimony relating to such injuries is being offered, is granted without opposition. (Docket #136).

4. The fourth motion *in limine* to permit evidence of Plaintiff's prior felony conviction, which is opposed, is denied. (Docket #138). Plaintiff's prior conviction – for attempted criminal possession of a weapon – is not the sort of "crimen falsi" that is ordinarily admissible pursuant to Fed. R. Civ. P. 609(a)(2) (Defendants concede as much). Any probative value on the issue of Plaintiff's credibility is substantially outweighed by the prejudice that telling the jury about such an irrelevant conviction would cause. Fed. R. Civ. P. 403.

5. The fifth motion *in limine*, to preclude Plaintiff and his counsel from referring to defense counsel as "city attorneys," is denied. (Docket #140). The COURT will tell the jury that the attorneys representing the officers are from the Corporation Counsel's Office. I will do that during voir dire. The Law Department should be proud to be identified with the City of New York. Nothing about that fact implies that the City will be financially responsible for damages awarded to Plaintiff – a subject that will NOT be discussed or alluded to during

the trial. However, if Plaintiff's counsel repeatedly refers to the officers' attorneys as "City attorneys," I will remind the jury of the status of the City of New York in this case.

6. The sixth motion *in limine* to preclude Plaintiff's counsel from requesting a specific amount of damages is denied. (Dkt. No. 142). The Court will remind the jury, following the summations and during the charge, that any damages must be based on the evidence, and will further tell the jurors that if they do not find any amount requested by Plaintiff to be supported by evidence they should disregard the suggestion entirely.

7. No opposition has been filed to the seventh motion *in limine* to preclude evidence about the disciplinary histories of the Defendant officers, so no questions about such matters will be permitted. (Docket #144).

8. I have no idea what the eighth motion *in limine* is seeking. (Docket #146). As Plaintiff has not responded, I assume that there is no plan to mention irrelevant matters at the trial. I have no idea whether the evidence, as it comes in, will give rise to a "blue wall of silence" argument, so I cannot rule in advance on that request. The word "testilying" will not be used at this trial.

9. Plaintiff will not be permitted to make arguments about issues that are no longer in the case. To the extent the ninth motion *in limine* addresses Sgt. Joseph, it is no longer relevant, as he is IN the case, not out of it, and Corporation Counsel is representing him. Furthermore, as can be seen from my decision vacating his (non) default, Sgt. Joseph is going to trial on every cause of action asserted against him, because it is too late for him to move for summary judgment dismissing any claims. Claims that the City believes to be non-meritorious, based on the Court's summary judgment rulings, will have to be the subject of directed verdict motions.

10. The tenth motion *in limine* is not an *in limine* motion at all, but is effectively a motion for summary judgment. As such, it is denied as untimely, but without prejudice to being raised as a motion for directed verdict (see the ruling on the ninth motion *in limine*, *supra*). The Plaintiff's attorneys know my views on the viability of this claim; if they don't drop it and they don't introduce any evidence to support it, I am going to dismiss it at the close of their case.

I remind the parties that the time for making motions *in limine* has passed and no more such motions will be accepted.

This constitutes the decision and order of the Court. It is a written decision.

Dated: July 28, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL