UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARCUS THORPE,

                         Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, NEW YORK
CITY POLICE DEPARTMENT, HARLEM HOSPITAL,
NYCHHC POLICE OFFICER FRANCIS SENAJOR,
SHIELD #435, NYCHHC POLICE OFFICER
JONATHAN CARDONA, NYCHHC LIEUTENANT
THERESA BRITTO and NYCHHC SERGEANT
TYRONE JOSEPH,

                         Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2022

19-CV-5995 (CM)(RWL)

**ORDER**

McMahon, J.:

    *Dismissal of claims against Sgt. Joseph*

    On July 28, 2022, this Court denied Plaintiff's motion for entry of a default judgment against Defendant Sergeant Joseph and granted the Defendants' cross-motion to vacate the Clerk's certificate of default. (Dkt. No. 171). The practical effect of this order was that Sgt. Joseph would now be on trial on every claim against him, effectively Counts I (negligence), Count V (excessive force), VI (failure to intervene), VII (assault and battery), VIII (malicious prosecution), IX (conspiracy), and X (false arrest). (*See id.* at 7-8).

    On August 4, 2022, Plaintiff notified the Court by letter (Dkt. No. 173) that Plaintiff agrees to voluntarily dismiss all claims without prejudice against Sgt. Joseph from this case, with the exception of the claim of failure to intervene. Unfortunately for Plaintiff, he cannot unilaterally discontinue some of his claims against Sgt. Joseph without a court order (*see* Fed. R. Civ. P. 41). Rule 41 only permits dismissal of *actions* in their entirety.

    While most "district courts within the Second Circuit have . . . adopted the approach . . . that Rule 41(a) does not require dismissal of the action in its entirety," *see Seidman v. Chobani, LLC*, No. 14 Civ. 4050, 2016 WL 1271066, at *1 (S.D.N.Y. Mar. 29, 2016) (citing cases), in other circuits, some district courts have found that Rule 15, not Rule 41, "is the appropriate device

1

through which a plaintiff can dismiss particular claims against a defendant where it does not seek to dismiss the action against that defendant entirely." *Morron v. City of Middletown*, No. Civ.A3:05CV1705(JCH), 2006 WL 1455607, at *2 (D. Conn. May 23, 2006) (citing cases).

"The Second Circuit has not resolved the issue of whether the proper vehicle" for a plaintiff's voluntary dismissal of *some* claims, instead of the entire action, "is Rule 15 or Rule 41(a)"; however, the Circuit "has stated that 'the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a).'" *Seidman*, 2016 WL 1271066, at *2 (quoting *Wakefield v. Northern Telecom, Inc.*, 769 F2.d 109, 114 n. 4 (2d Cir.1985). District courts in this Circuit have interpreted this to mean that "'although a motion to eliminate only certain claims [pursuant to Rule 41] may actually be a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two." *Id.* (alterations, quotation, and citation omitted). Accordingly, as with a motion to amend, the Court can allow a voluntary dismissal of certain claims pursuant to Rule 41 only as long as the Defendants are not prejudiced thereby. *See id.*

Here, the prejudice to Defendants from allowing these claims to be dismissed "without prejudice" is simply too great. This case is on the verge of trial. While I very much doubt that a new lawsuit asserting claims dismissed "without prejudice" would survive a motion to dismiss on statute of limitations grounds, there is really no reason for the Sergeant or the City to get caught up in litigating that issue. And if such a case were not time barred, it would be highly prejudicial to the City and all of its witnesses to have to try this case twice. That being so, this Court will not "so order" a voluntary dismissal of claims without prejudice. We need to get this entire case adjudicated next month – not defer claims only to resurrect them later.

However, if Plaintiff wishes to discontinue Counts I, V, VII, VIII, IX, and X of the Second Amended Complaint as against Sgt. Joseph *with prejudice*, I will sign the order. Otherwise I will consider the evidence and rule on directed verdict motions, as indicated in my recent opinion.

### Other matters

The Court notifies the parties that the trial date has been moved from Monday, September 12, 2022 to Wednesday, September 14, 2022. Apparently, there are too many juries scheduled for selection on September 12, and civil cases have been moved to later in the week in favor of criminal cases being allowed to select on that Monday. So jury selection will begin at 9:30 AM on September 14. I apologize for the delay, but there is nothing I can do about it.

Plaintiff's counsel has asked the Court for clarification as to whether he may speak to Sgt. Joseph directly now that he is represented by counsel. (*See* Dkt. No. 173). Plaintiff's counsel may not speak to Sgt. Joseph, who is now a represented party, unless Sgt. Joseph affirmatively indicates that he wishes to speak to Plaintiff's counsel. Sgt. Joseph, like any represented party, is perfectly free to reach out to his opponent, but Plaintiff's counsel may only reach out to Sgt. Joseph through his attorneys at Corporation Counsel. However, Plaintiff's counsel may use any information he obtained from any interview he may have conducted with Sgt. Joseph when the Sergeant was not a represented party for any allowable purpose in this lawsuit.

Dated: August 4, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL